J.S13044/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK HAVRILESKO, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1528 WDA 2015 |

Appeal from the Judgment of Sentence September 15, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s): CP-26-CR-0001930-2014

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 26, 2016**

Appellant, Patrick Havrilesko, appeals from the judgment of sentence imposed in the Fayette County Court of Common Pleas after he pleaded guilty to one count of indecent assault—person less than sixteen years of age.[1]  Appellant claims the twenty-five year sexual offender registration requirement is unconstitutional.  We affirm.

The Commonwealth alleged that on June 26, 2014, Appellant had sexual relations with the fourteen-year-old complainant, when he was twenty years old.  Numerous sexual offenses were filed against him on July 8, 2014.  On December 18, 2014, Appellant completed a written colloquy for a guilty plea to one count of indecent assault based on a plea bargain for

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(8).

"probation." Guilty/Nolo Contendere Plea Colloquy Form, 12/18/14, at 7. The trial court accepted Appellant's guilty plea to indecent assault on June 1, 2015,[2] and the following day ordered an assessment of Appellant by the Sexual Offender Assessment Board. Order, 6/2/15. On September 15, 2015, following a continuance requested by Appellant, the trial court sentenced Appellant to serve two years' probation. The court's sentencing order indicated Appellant was found not to be a sexually violent predator, but that he was subject to a twenty-five year registration period under SORNA. Sentencing Order, 9/15/15, at 2; **see also** 42 Pa.C.S. §§ 9799.14(c)(1.3) (as renumbered eff. Sept. 2, 2014); 9799.15(a)(2). Appellant filed a timely post-sentence motion on September 18, 2015, challenging the twenty-five year registration period, which the trial court denied on September 23rd.

Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[3] The trial court filed a responsive Pa.R.A.P. 1925(a) opinion observing that "[t]he issues raised in [**Commonwealth v. McDonough**, 96 A.3d 1067 (Pa. Super. 2014), *appeal denied*, 108 A.3d 34

---

[2] The record transmitted by Appellant does not explain the delay between the completion of the written guilty plea colloquy form and the court's acceptance of the plea. Moreover, the record does not contain transcripts from the guilty plea hearing and the sentencing hearing.

[3] The trial court prematurely ordered compliance with Pa.R.A.P. 1925(b) after Appellant filed motion to proceed *in forma pauperis*. However, Appellant filed his notice of appeal and his Rule 1925(b) statement on October 1, 2015.

(Pa. 2015)] were the same as those [Appellant] now pursues, to wit: the unconstitutionality of the registration requirements . . . ." Trial Ct. Op. 10/19/15, at 3. The court noted **McDonough** "determined that the registration requirements are not punitive, and therefore do not constitute cruel and unusual punishment[,] and the same rationale is applicable here." **Id.**

Appellant presents three questions on appeal, all of which relate to his claim that he is entitled to relief from the twenty-five year registration requirement. **See** Appellant's Brief at 7. He asserts, "It defies logic to argue that the registration requirements are only civil in nature," noting the burden to register on a quarterly basis and the severe penalties for failing to comply with registration. **Id.** at 10. He cites **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003), to support his contention that relief is due because "the requirement of a twenty five [year] registration requirement for a crime that carries a maximum of [two years, **see** 18 Pa.C.S. §§ 1104(2); 3126(a)(8), (b)(1)] is . . . in excess of what is needed to ensure compliance." **Id.** at 11. Similarly, he asserts the registration period "is totally beyond the statutory maximum sentence for the crimes [and] constitutes an unusual punishment as barred by the Pennsylvania and U.S. Constitutions . . . ." **Id.** at 12. Notably, Appellant does not reference the trial court's Pa.R.A.P. 1925(a) opinion or attempt to distinguish **McDonough**.

Following our review, we agree with the trial court that the rationale set forth in **McDonough** disposes of the argument raised in this appeal, even though that case addressed a fifteen year registration requirement and the instant case involves a twenty-five year registration period. As the **McDonough** Court discussed:

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act. Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. Pursuant to Section 9799.15(a)(1), a person convicted of a Tier I offense . . . must register for 15 years. A Tier II offender must register for 25 years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).
>
> [The defendant] relies upon **Commonwealth v. Williams**, 574 Pa. 487, 832 A.2d 962 (2003), to support his argument that requiring an individual to register for many years longer than the maximum penalty of the crime itself is excessive and the registration provisions should be struck down as unconstitutional punishment under the state and federal constitutions. In **Williams**, our Supreme Court was asked to decide whether certain provisions of Megan's Law II were constitutional as it applied to sexually violent predators (SVP's). The **Williams** Court specifically held that the registration, notification, and counseling provisions of Megan's Law II, to offenders deemed to be SVP's, were non-punitive, regulatory measures supporting a legitimate governmental purpose. However, the Court did find that the prescribed penalties that attach to SVP's for failure to register and verify their residence were unconstitutionally punitive and, therefore, invalidated those provisions.

[The defendant], while not classified as an SVP, uses **Williams** to argue by analogy that the provisions imposing penalties for failure to comply with the registration requirements of the Law are similarly unconstitutional as applied to him. However, even assuming that his 15–year registration requirement is excessive in comparison to his actual sentence of one to two years' imprisonment, we cannot ignore our Supreme Court's pronouncement that:

> Because we do not view the registration requirements as punitive but, rather, remedial, **we do not perceive mandating compliance by offenders who have served their maximum term to be improper.** Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

Similarly, . . . this Court also recognized that:

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.
>
> \*     \*     \*
>
> Because the registration requirements under Megan's Law impose only collateral consequences of the actual sentence, their application is not limited by the factors that control the imposition of sentence. Thus, while a defendant may be subject to conviction only under statutes in effect on the date of his acts, and sentence configuration under the guidelines in effect on that same date, the application of the registration requirements under Megan's Law is not so limited. This is so due to the collateral nature of the registration requirement.

> [T]he same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety. In fact, one of the main purposes behind SORNA is to fortify the registration provisions applicable to such offenders. With this purpose in mind, we cannot find that the law is unconstitutional as it applies to [the defendant]. He has offered neither competent nor credible evidence to undermine the legislative findings behind SORNA's registration provisions. Accordingly, we find no error.

*McDonough*, 96 A.3d at 1070-71 (citations omitted).

Thus, we agree with the trial court that Appellant failed to establish a right to relief in this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016